**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

**SAM CLARK, JR.**                                **CASE NO. 6:25-CV-00381 SEC P**

**VERSUS**                                        **JUDGE DAVID C. JOSEPH**

**JEFFREY M. LANDRY, ET AL**                      **MAGISTRATE JUDGE AYO**

**REPORT AND RECOMMENDATION**

Petitioner Sam Clark, Jr., proceeding *pro se* and *in forma pauperis*, filed the instant

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 24, 2025.  Rec. Doc.

1.  Clark is an inmate in the custody of the Louisiana Department of Corrections incarcerated

at the David Wade Correctional Center in Homer, Louisiana. He challenges his conviction

and sentence imposed in the Twenty-Seventh Judicial District Court, St. Landry Parish.  This

matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.      **Background**

The following procedural and factual background was set forth by the Louisiana Third

Circuit Court of Appeal on direct appeal:

> On June 20, 2016, Defendant, Sam Clark, Jr., was charged by bill of
> indictment with the second degree murder of his wife, Kimberly Perkins
> Clark, in violation of La.R.S. 14:30.1. Jury selection began on
> September 24, 2018. Following a two-day trial, Defendant was found
> guilty of the responsive verdict of manslaughter on September 26, 2018.
>
> On November 13, 2018, the trial court sentenced Defendant to forty
> years at hard labor. Defendant filed a "Motion to Reconsider Sentence"
> on December 7, 2018, arguing that his sentence was excessive, as
> follows:
>
>> In sentencing the defendant, the Court failed to take into
>> consideration all of the mitigating factors pursuant to the
>> sentencing guidelines and sentenced the defendant to a
>> term of imprisonment in excess of a term that would be

> considered reasonable for the facts of this case and, therefore, is cruel and unusual punishment.
>
> The defendant seeks reconsideration of this sentence as being excessive under the circumstances.

A hearing was held on Defendant's motion on January 24, 2019. Counsel for Defendant presented no new evidence during the hearing but urged "that the court reconsider the forty year period based on the evidence that was submitted to the court at the prior sentencing." The trial court denied the motion, noting that "in [its] mind it should have been murder and [it] felt that sentence fit what the facts showed during the case."

The facts as presented during the trial and as noted by the trial court at sentencing show that Defendant shot his wife twice in the back of the head, then threw her body off a bridge, where she ultimately died from drowning. At trial, Defendant successfully argued that the murder occurred in sudden passion when Defendant learned that his wife was cheating on him and was planning to leave him.

*State v. Clark*, 280 So. 3d 673, 675 (La. App. 3 Cir. 2019) (brackets in original).

Clark appealed his sentence and conviction to the Louisiana Third Circuit Court of Appeal. On October 2, 2019, the Third Circuit affirmed Clark's sentence and conviction under Docket Number 19-136. *Id.* According to the Petition, the Louisiana Supreme Court denied his writ application on October 4, 2022, under Docket Number 2022-KH-838. Rec. Doc. 1 at pp. 2-3. However, he does not provide a copy of the writ denial and a search of the presumptively reliable published jurisprudence of the Louisiana Supreme Court reveals no writ judgments on direct review following the Third Circuit's decision of October 2, 2019.

On an unknown date, Clark made another filing in the trial court, pursuant to which he sought a writ of review in the Third Circuit, under docket number KH-21-00673, on the issue of "human being element void of definition." *See* Rec. Doc. 1 at p. 3, ¶ 11. Following the Third Circuit's denial of same, he filed a writ application in the Louisiana Supreme Court, which was denied on October 4, 2022 under docket number 2022-KH-875. *State v. Clark*, 347 So. 3d 895 (La. 2022).

The instant petition was filed on March 24, 2025.  Rec. Doc. 1.

II.    **Law and Analysis**

A.  **Statutory Tolling**

This petition was filed after the effective date of the Anti-Terrorism and Effective

Death Penalty Act of 1996 (AEDPA).   Therefore, the court must apply the provisions of

AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir.

1999); *In Re Smith*, 142 F.3d 832, 834 (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of

limitations for the filing of applications for writs of habeas corpus by persons such as Clark,

who are in custody pursuant to a state court judgment. This limitation period generally runs

from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review. . . ."  28 U.S.C. § 2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the

time during which a properly filed application for post-conviction relief was pending in state

court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir.

1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2). Any lapse

of time before the proper filing of an application for post-conviction relief in state court is

counted against the one-year limitation period. *Villegas*, 184 F.3d 467 (citing *Flanagan v.

Johnson*, 154 F.3d 196, 197 (5th Cir. 1998)).   Federal courts may raise the one-year time

limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Clark filed a direct appeal of his conviction and sentence in the Louisiana Third

Circuit Court of Appeal.  He claims that he sought direct appeal in the Louisiana Supreme

Court but failed to provide a copy of the writ application or that court's decision, and the

docket number provided is incorrect.   Moreover, the presumptively reliable published

jurisprudence of the Louisiana Supreme Court does not reflect that such filing was made.

3

Thus, it appears that Clark did not seek direct review in the Louisiana Supreme Court.  As such, his conviction would have become final for AEDPA purposes on or about November 1, 2019, thirty days after the Third Circuit's October 2, 2019 ruling.  Under Section 2244(d)(1), Clark had one year from that date—or until November 1, 2020—to file his federal habeas petition.

However, Section 2244(d)(2) tolls the limitation provision for filing a Section 2254 petition during the pendency of certain state court proceedings:

> The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

On an unknown date, following the date his conviction became final, Clark made a filing in the trial court, which this Court will presume was an application for post-conviction relief.  According to the presumptively reliable published jurisprudence of the Louisiana Supreme Court, Clark sought writs of the trial court's adverse ruling in the Third Circuit, under docket number KH 21-673, and after that court denied same, he filed a writ application in the Louisiana Supreme Court, under docket number 2022-KH-875, which was denied on October 4, 2022. *State v. Clark*, 347 So. 3d 895 (La. 2022).  Based on the filings in the record, and the presumptively reliable published jurisprudence, the undersigned is unable to determine how many days elapsed before the post-conviction application was filed.

Clark's conviction became final on November 1, 2019.  While the number of days that elapsed before he filed his post-conviction application is unknown, this is inconsequential because by the time the instant federal petition was filed, more than 365 un-tolled days had elapsed between October 4, 2022 (when the Louisiana Supreme Court denied his writ application) and March 24, 2025 (when Clark filed his federal petition).  Therefore, the

petition is untimely because it was filed more than 365 un-tolled days after the period of limitations began to run.

### B. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quotation marks omitted). The Supreme Court has noted, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991)). Nothing of record supports equitable tolling of the statute of limitations in the instant case. Clark has not alleged that he was actively misled by the state nor has he alleged that he was prevented in some extraordinary way from asserting his rights by timely filing his habeas claims.

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** because Petitioner Sam Clark, Jr.'s claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers in chambers this 26th day of June, 2025.

David J. Ayo
United States Magistrate Judge